FILED

02 MAR -8 PM 2:11

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

MAR 8 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RONALD PHAIRR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 01-JEO-1566-S |
| | ) |
| NATIONWIDE ASSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter is before the court on various motions filed by the parties, including the plaintiff's "Motion to Add Leon Cliftonchavez as a Party Defendant" (doc. 46) and the defendant's "Motion to Strike Affidavit of Wanda Phairr" (doc. 48).[1] Defendant Nationwide Assurance Company (hereinafter "Nationwide") has responded to the plaintiff's motion to amend, asserting that it should be denied because the motion is untimely, the plaintiff has failed to state a cause of action against Cliftonchavez,[2] and the motion fails to meet the requirements of *Hensgens v. Deere & Co*, 833 F.2d 1179 (5th Cir. 1987), *cert. denied*, 493 U.S. 851, 110 S. Ct. 150, 107 L. Ed. 2d 108 (1989). (Doc. 49).

## I. PROCEDURAL HISTORY

The court has previously detailed the relevant procedural history in this case:

> Phairr was injured in a car accident on July 22, 2000. (Doc. 35, ¶ 1). On September 6, 2000, his present counsel filed suit in the Jefferson County Circuit Court, Bessemer Division, against Tyrone A. Thompson, the driver of the other

---

[1] References herein to "Doc. ___" are to the document numbers assigned by the Clerk of the Court and located in the lower right-hand corner.

[2] Cliftonchavez's name has been spelled various ways in the pleadings. For consistency herein it will be spelled this way throughout unless a part of a quotation.

53

vehicle involved in the accident. (*Id.*, ¶ 2). On January 11, 2001, the plaintiff's counsel amended the complaint to add Nationwide as a defendant, asserting claims for breach of contract and bad faith failure to pay. (*Id.*, ¶ 3). In or about February 2001, Nationwide was served with the summons and complaint. Phairr entered into a *pro tanto* settlement with Thompson in or about February 2001.

Nationwide filed a notice of removal on June 21, 2001, pursuant to 28 U.S.C. § 1441. This court entered a scheduling order that permitted the plaintiff until November 5, 2001, to add additional parties. (Doc. 6). On September 14, 2001, the Clerk of the Court received an amended complaint that sought to change the corporate defendant from Nationwide Assurance Company to Nationwide Insurance Company and to add Clistonchavz as a defendant. The court did not allow the amended complaint because the summons was improper. (Doc. 12). On October 4, 2001, the plaintiff sought leave of court to amend the complaint to add Clistonchavz. (Doc. 16). The motion was denied when the plaintiff's counsel failed to meet certain procedural requirements. (Doc. 17). On November 6, 2001, the plaintiff again filed a motion to file an amended complaint, adding defendant Clistonchavz. (Doc. 21). The motion was granted on November 6, 2001, and the amended complaint was filed on November 8, 2001. (Doc. 23 & 24). The second amended complaint added a fraud claim against Clistonchavz. It provides, in pertinent part:

. . . .

> 11. Defendant Leon Clistonchavz acted in a scheme to defraud plaintiff. Specifically, defendant made materially false and misleading representations regarding benefits to be paid pursuant to an automobile insurance policy in the event the plaintiff was injured by an under-insured motorist in an effort to induce plaintiff to purchase said policy.
>
> 12. Plaintiff avers that the material misrepresentations referenced above were made when defendant Leon Clistonchavz knew or should have known that said representations were materially false and inaccurate.
>
> 13. Defendant Leon Clistonchavz suppressed a material fact.
>
> 14. Defendant Leon Clistonchavz was under an obligation to communicate a material fact due to the confidential relations of the parties and/or the particular circumstances of the transaction.
>
> 15. Defendant Leon Clistonchavz, when making said representations, intended for plaintiff to rely upon said

2

> misrepresentations and, in fact, plaintiff did rely on said
> misrepresentations to his own detriment.
>
> . . . .

(Doc. 24, ¶¶ 11-15). The complaint was served on Clistonchavz on November 9, 2001. (Doc. 27). Nationwide's counsel next undertook the representation of Clistonchavz. They filed a motion to dismiss the amended complaint against him on December 19, 2001, due to the fact that the allegations of fraud were not pled with particularity. (Doc. 31).

The plaintiff filed his motion to remand on January 2, 2002.[3] (Doc. 35). The defendant filed its opposition on December 28, 2001. (Doc. 34). On the day of the hearing, the plaintiff filed a response to the defendant's motion to dismiss the amended complaint. (Doc. 43). Included in the response was an affidavit of the plaintiff. It provides, in pertinent part:

> 3. Prior to filing suit [in State court], my attorney inquired as to the name of the agent that sold the policy of insurance to me. I knew the agent only as "Lee."
>
> 4. Soon after [the filing of the suit], my insurance policy was cancelled by Nationwide Assurance Company. I discarded many of the documents related to the policy.
>
> 5. Instructed my attorney to file suit without further delay and without naming the agent that sold me the insurance policy as a party to the suit.
>
> 6. On or about September 5, 2001, I discovered papers identifying my agent as Leon Cliftonchavez [sic] (see Exhibit "A" attached hereto). I called my attorney's secretary and provided her with the information. I then requested that my attorney add Leon Cliftonchavez [sic] as a defendant in this case. Mr. Simms requested a copy of the document.
>
> 7. On January 14, 2002, I provided my attorney with a copy of Exhibit A. My attorney pointed out that Mr. Cliftonchavez's [sic] name was misspelled.

(*Id.*, Exhibit A). Exhibit "A" is an "Auto Binder Receipt" from Clistonchavz,

---

[3] The certificate of service on the motion is December 26, 2001.

3

dated May 31, 2000, binding Nationwide to insure the plaintiff.

(Doc. 45, pp. 2-3). On January 25, 2002, the court entered an order vacating its order granting the plaintiff leave to amend the original complaint (doc. 23), striking the plaintiff's November 8, 2001, Second Amended Complaint (doc. 24), and denying the plaintiff's motion to remand (doc. 35). (Doc. 45, p. 6). The court also directed that the plaintiff be permitted fifteen days from entry of the order to file a motion to add Cliftonchavez in light of 28 U.S.C. § 1447(e). (*Id.*). The plaintiff filed his motion to add Cliftonchavez as a defendant on February 12, 2002. (Doc. 46, p. 1). In support of the motion, he submitted the affidavit of Wanda Phairr, the plaintiff's wife. (Doc. 26, Ex. 2). She states, in pertinent part:

> 3. Prior to filing suit, my husband's attorney inquired as to the name of the agent that sold the policy of insurance to my husband and I. We knew the agent only as "Lee."
>
> 4. Soon after, our insurance was canceled by Nationwide Assurance Company. We discarded many of the documents related to the policy.
>
> 5. My husband instructed Mr. Simms to file suit without further delay and without naming the agent that sold us the insurance policy as party to the suit.
>
> 6. On or about September 5, 2001, I discovered papers identifying our agent as Leon Cliftonchavez (see Exhibit "A" attached hereto). I called Mr. Simms' secretary and provided her with the information. My husband then requested that Mr. Simms add Leon Cliftonchavez as a defendant in this case. Mr. Simms requested a copy of the document.
>
> 7. On January 14, 2002, I provided Mr. Simms with a copy of Exhibit A. Mr. Simms pointed out that Mr. Cliftonchavez's name was misspelled.

(Doc. 46, Ex. 2).

## II. MOTION TO STRIKE

The defendant moves to strike paragraph five of Mrs. Phairr's affidavit because it constitutes inadmissible hearsay in violation of FEDERAL RULE OF EVIDENCE 802. The court agrees and strikes the same. *See Macuba v. DeBoer*, 193 F.3d 1316, 1322-25 (11th Cir. 1999) ("The general rule is that inadmissible hearsay 'cannot be considered on a motion for summary judgment.'") (footnote omitted). However, it also notes that this evidence is already before the court in the affidavit of the plaintiff. (Doc. 43, Ex. 1, ¶ 5).

## III. MOTION TO AMEND

### A. Legal Principles

Removal jurisdiction in this case is premised upon diversity of citizenship under 28 U.S.C. § 1332(a). Nationwide timely removed this matter pursuant to 28 U.S.C. § 1441(a). There is no dispute that the amount in controversy exceeds the jurisdictional amount. In order to maintain this action, the parties must be diverse. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996).

The plaintiff seeks to amend the complaint to add Cliftonchavez. Allowing the amendment will destroy diversity jurisdiction because Cliftonchavez is an Alabama resident. Under 28 U.S.C. § 1447(e), when presented with a post-removal motion to add a non-diverse defendant, "the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In such instances, the court "should scrutinize that amendment more closely than an ordinary amendment." *Hensgens*, 833 F.2d at 1182. *Accord Sexton v. G & K Services, Inc.*, 51 F. Supp. 2d 1311, 1313 (M.D. Ala. 1999). Whether an amendment should be allowed is determined by examining four factors:

1. The extent to which the purpose of the amendment is to defeat federal jurisdiction,

2. Whether the plaintiff has been dilatory in asking for the amendment,

3. Whether the plaintiff will be significantly injured if the amendment is allowed, and

4. Any other factors bearing on the equities.

*El Chico Restaurants, Inc. v. Aetna Casualty and Surety Co.*, 980 F. Supp. 1474, 1484 (S.D. Ga. 1997).

### B. Analysis

#### 1. Intent to defeat federal jurisdiction

The defendant asserts that "the amendment is nothing more than an attempt by the plaintiff to manipulate the forum." (Doc. 49, p. 6). The plaintiff asserts that he did not have sufficient information upon which to base a claim against Cliftonchavez until Mrs. Phairr located the "auto binder receipt" and produced it on January 14, 2002. (Doc. 46, p. 2). The court does not find the plaintiff's allegations and evidence to be sufficient.

The original complaint, which was filed in state court on January 11, 2001, did not include any reference to fictitious parties. Nowhere does it suggest or indicate an intention to add any party in the future. The plaintiff did nothing from January 11, 2001, until September 5, 2001, to identify the selling agent. Counsel did not make any informal inquiries of counsel for the defendant as to the identity of the agent; he did not prepare or propound any interrogatories directed at identifying the agent; and, as far as this court can discern from the record, he did not conduct any investigation into the matter. It was only after this case was removed that the binder listing the agent was located. However, this is not enough under the circumstances. In the

6

plaintiff's affidavit, he states that he found the document and called counsel's secretary. (Doc. 43, Ex. 1, ¶ 6). In Mrs. Phairr's affidavit, she states that she found the document and called counsel's office. (Doc. 46, Ex. 2, ¶ 6). There is no explanation concerning the facts that precipitated the finding of the binder.

Under the totality of the circumstances, the court concludes that the amendment is intended to defeat diversity jurisdiction. This is further supported by the fact that the binder was not provided to counsel until shortly after the undersigned set this matter for a hearing on the motion to remand on January 2, 2002.

### 2. Diligence

The defendant next asserts that the plaintiff has not been diligent in seeking the amendment. Specifically, the defendant asserts that the plaintiff has failed to provide any justification for the delay in seeking to amend the complaint. The plaintiff counters with the assertions discussed in the previous section. For the reasons discussed above, the court does not find that the plaintiff was diligent in seeking to amend the complaint.

### 3. Injury to the plaintiff if the amendment is not allowed

The plaintiff asserts that it would place a great burden on him to pursue a separate lawsuit against Cliftonchavez in state court. (Doc. 46, p. 2). He also states that it would be a waste of judicial resources to require him to initiate another action in state court against Cliftonchavez. (*Id.*). He further asserts that joinder of the claims is necessitated by the fact that they arose out of the same events. (*Id.*). The defendant retorts that it cannot adequately address this aspect of the motion because the plaintiff has not identified the claims he intends to advance against Cliftonchavez. (Doc. 49, p. 6).

It is evident to the court that premised on the prior proceedings and pleadings, the plaintiff is seeking to amend his complaint to add Cliftonchavez as a defendant in a fraudulent misrepresentation count. (*See* Doc. 24, p. 2 (Count Three)). Although there is a preference to avoid duplicate litigation (*See Jarriel v. General Motors Corp., Inc.*, 835 F. Supp. 639, 641-42 (N.D. Ga. 1993) (plaintiff's claims involve state law issues and duplicative litigation would be a waste of judicial resources)), the court does not see, and the plaintiff has not identified, any specific prejudice that would result from his having to advance his claim against Cliftonchavez in a separate state court action. He does not support his conclusory statement that it would place a great burden on him to proceed in state court with any specific details. The fact that there may be duplicative litigation is not sufficient in and of itself to allow an amendment, when the other factors weigh in favor of denying the motion. *Sexton*, 51 F. Supp. 2d at 1314. Although this court is conscious of the limited state and federal judicial resources available, failing to grant this motion will not unduly burden either system. Additionally, there is no federal claim in the proposed claim against Cliftonchavez to permit this court to maintain jurisdiction over this matter if the motion were granted. Still further, the plaintiff has not demonstrated that he will not be able to obtain full recovery from Nationwide if he is successful.

### 4. Other equitable considerations

As noted by the court in *Sexton*, a defendant has the right to choose between a state or federal forum. Giving a diverse defendant the option of choosing the federal forum is the very purpose of the removal statutes. *Sexton*, 52 F. Supp. 2d at 1313 (citing *Hensgens*, 833 F.2d at 1181). "Just as plaintiffs have the right to choose to sue in state court when complete diversity does not exist, non-resident defendants have the right to remove to federal court when there is

diversity." *Sexton*, 52 F. Supp. 2d at 1313.

In *Hensgens*, the court made it clear that when considering a motion to amend after removal, a court must scrutinize the motion more closely than an ordinary motion to amend. *Hensgens*, 833 F.2d at 1182. There is no reason to believe in this case that if the amendment is not allowed and the case is not remanded to the Circuit Court of Jefferson County that the state court will not be able to address the plaintiff's purported claim or claims against Cliftonchavez.

## IV. CONCLUSION

In view of the above analysis of the *Hensgens* factors, the court finds that the motion to amend is due to be denied.[4] An appropriate order will be entered pursuant to FEDERAL RULE OF CIVIL PROCEDURE 72(a).

**DONE,** this the  8th  day of March, 2002.

*John E. Ott*
JOHN E. OTT
United States Magistrate Judge

---

[4] The defendant also asserts that the motion is due to be denied because it is untimely. This court's January 25, 2002, order permitted the plaintiff fifteen days from entry of the order to file his motion to add Cliftonchavez. That period expired on February 11, 2002, because the fifteenth day was a weekend day. *See* FED. R. CIV. P. 6(a). The plaintiff did not respond to this argument. The court notes that the certificate of service on the motion states that it was mailed on February 6, 2002. Thus, its submission on February 12, 2002, is untimely. FEDERAL RULE OF CIVIL PROCEDURE 6(e) allowing three additional days for mailing does not apply because the court's order was faxed to the plaintiff on the day it was entered. FED. R. CIV. P. 6(e). This, therefore, constitutes an independent ground for denying the motion.

The defendant further asserts that the motion is due to be denied pursuant to FEDERAL RULE OF CIVIL PROCEDURE 11 because the certificate of service states that the pleading was mailed to defense counsel on February 6, 2002, but the mailing envelope shows that it was stamped on February 11, 2002. (Doc. 49, pp. 2-3). Although there is no explanation in the filings as to why the certificate date and the postmark date vary so much, the court finds that fact insufficient to warrant a denial of the motion pursuant to Rule 11.